IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JILLIAN POWERS,

                                                                       ORDER

                Plaintiff,

                                                      11-cv-608-bbc

   v.

ANDREW RAU,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On September 16, 2011, counsel for plaintiff Jillian Powers filed a motion for leave to withdraw from her representation of plaintiff in this case. After giving plaintiff an opportunity to oppose the request, I granted counsel's motion. At that time I instructed plaintiff that she was to promptly notify the court whether she had retained new counsel to represent her or if she would be proceeding pro se. She was further notified that a telephone pretrial conference had been scheduled for October 13, 2011 at 1:30 p.m. before Magistrate Stephen L. Crocker and that if she failed to participate in that conference, her case would be dismissed for failure to prosecute.

      Plaintiff did not participate in the October 13, 2011 hearing and did not contact the court telephonically or in writing before the hearing asking to change the date or time.

1

Plaintiff's failure to communicate with the court is an indication that she is no longer interested in prosecuting the case.

Dismissals for failure to prosecute are covered by Fed. R. Civ. P. 41(b). Under that rule, a court may dismiss an action for a plaintiff's failure to prosecute and the dismissal will operate as an adjudication upon the merits. In other words, plaintiff will be barred from raising the same claim against the same defendant in a future lawsuit. The Seventh Circuit has identified several criteria that a district court should consider before dismissing a case for failure to prosecute. Among them are: 1) the frequency and magnitude of the plaintiff's missed deadlines; 2) the effect of the delay on the court's schedule; 3) the prejudice to other litigants; and 4) the possible merits of the lawsuit. Williams v. Chicago Board of Education, 155 F.3d at 853, 857 (7th Cir. 1998). In addition, the Seventh Circuit requires that "an explicit warning" be provided before a lawsuit is dismissed for the failure to prosecute. See Id. (quoting Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)).

Because dismissal with prejudice pursuant to Rule 41(b) for the failure to prosecute is a "harsh penalty" that is appropriate "only in extreme circumstances," Palmer v. City of Decatur, 814 F.2d 426, 428 (7th Cir. 1987), I will offer plaintiff one last opportunity to contact the court. If she fails to do so, I will dismiss this action under to Rule 41(b).

ORDER

2

IT IS ORDERED that if, by November 15, 2011, plaintiff Jillian Powers fails to advise the court in writing that she has retained new counsel or is proceeding pro se, then the Clerk of Court shall enter judgment in favor of the defendant, dismissing this case with prejudice under Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.

Entered this 14th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge